Ruffin, Judge.
 

 The written agreement between
 
 Cowan
 
 and
 
 Davidson
 
 is not the agreement declared on by the.
 
 Plaintiff;
 
 nor was it given in evidence, as the one entered into between the parties to the present suit. We understand the case, that the Plaintiff alleged, that he and the Defendant made a like agreement, not in writing, referring expressly to the written one. The sole purpose then of offering the latter in evidence was, to
 
 *537
 
 show precisely the terms of the contract between these parties. It was necessary evidence, as their parol agree-' ment referred to the written one; and the latter was therefore the highest proof of the terms of the former. To connect them in this manner by parol testimony, there can be no objection. It is not varying, nor even explaining the writing. It is simply proving that the Plaintiff and Defendant said, “we agree by word of mouth, exactly as
 
 Mr. Cowan
 
 and
 
 Mr. Davidson
 
 have agreed on paper.”
 

 Upon the contract thus ascertained, the Court put a construction at the last term, in the suit brought on it by
 
 Cowan;
 
 which fully determined this.
 

 No objection is taken in this Court, to the replication to the plea of the statute of limitations. Indeed the Court could not hear an argument on it. The judgment must be affirmed.
 

 Per Curiam. — Let tlie judgment of the Court below be affirmed.